UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN CHUDY,                )
                           )
        Plaintiff          )
                           )
                           )
     v.                    )   Civil Action No. 12-30210-KPN
                           )
                           )
CAROLYN W. COLVIN,         )
Acting Commissioner of Social  )
Security Administration,[1]    )
                           )
        Defendant          )

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S
MOTION FOR ORDER REVERSING THE COMMISSIONER'S
DECISION and DEFENDANT'S MOTION TO AFFIRM
THE COMMISSIONER'S DECISION (Document Nos. 15 and 19)
February 12, 2014

NEIMAN, U.S.M.J.

For the reasons set forth below, both of the above captioned motions are hereby DENIED without prejudice.

Having reviewed the parties' respective positions, the court believes that, without more, the Commissioner has the better arguments with regard to the various grounds on which Plaintiff seeks reversal and/or remand of the denial of his application for Social Security Disability Insurance ("SSDI") benefits. However, the court has taken particular notice of footnote 7 in the Commissioner's brief in which she acknowledges that the subsequent approval of Plaintiff's Supplemental Security Income ("SSI") application,

---

[1] Carolyn W. Colvin became the Commissioner of Social Security on February 14, 2013 and is substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d)(1) and (2).

physically filed in April of 2012, was going to be reopened since that "allowance did not take into account the fact that the plaintiff was credited with a February 2009 filing date for SSI purposes." The February 2009 date is the same date as Plaintiff's application for SSDI benefits. Accordingly, the Commissioner indicates, she will be reopening the SSI case "to determine whether the medical evidence supports an earlier onset date of disability" and, thus, potentially significant retroactive SSI benefits. The court believes this is a prudent approach with regard to the SSI award and appreciates the Commissioner's recognition of this potential error.

The Commissioner, however, goes on in that same footnote to limit the possible earlier onset date of Plaintiff's disability to "some point after the period adjudicated by the ALJ in the instant case (i.e., between July 2009 and April 2012)," citing 20 C.F.R. §§ 416.1487-1489 as authority for that limitation. The court sees no basis for such a limitation in the cited regulations, which simply govern the conditions for reopening and reviewing determinations made in the administrative review process. Nowhere do the regulations provide for the particular type of limitation which the Commissioner has imposed with respect to a possible retroactive award of SSI benefits. Rather, given the fact that the Commissioner is prepared to honor the protective filing date, the regulations would appear to require that she determine whether the evidence supports an onset date as early as February 17, 2009.

In turn and most importantly for present purposes, an earlier onset date, if proven, could also affect Plaintiff's SSDI case presently before the court. After all, one significant aspect of the instant matter concerns Plaintiff's failure as of yet to convince the Commissioner that he was disabled prior to the expiration of his insured status on

June 30, 2009, a little more than four months after his SSDI/SSI application. Hence, the court will deny without prejudice both of the parties' present motions.

To be clear, the court has no opinion as to whether Plaintiff will be successful in providing proof of an earlier onset date in the context of either his SSI or SSDI case. For the moment, however, the Commissioner shall report to the court in writing by March 5, 2014, whether or not she has already reconsidered the onset date in the reopened SSI case (footnote 7 being part of a memorandum filed on June 12, 2013) and, if so, what onset date was established. If the Commissioner's reconsideration has not yet taken place, the court will be prepared to remand the instant matter to be considered jointly with the SSI issue identified by the Commissioner in footnote 7.

IT IS SO ORDERED.

February 12, 2014

                                               /s/   Kenneth P. Neiman
                                               KENNETH P. NEIMAN
                                               U.S. Magistrate Judge