UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN CHUDY,                          )
                                     )
            Plaintiff                )
                                     )
      v.                             )    Civil Action No. 12-30210-KPN
                                     )
CAROLYN W. COLVIN,                   )
Acting Commissioner of Social        )
Security Administration              )
                                     )
            Defendant                )

MEMORANDUM AND ORDER WITH REGARD TO
DEFENDANT'S MOTION FOR RECONSIDERATION UNDER RULE 59(e)
(Document No. 32)
December 23, 2014

NEIMAN, U.S.M.J.

Presently at issue is the defendant Commissioner's motion, pursuant to Fed. R. Civ. P. 59(e), seeking reconsideration of the court's April 4, 2014 Memorandum and Order of Judgment, which remanded this matter for further administrative proceedings. *See Chudy v. Colvin*, 10 F. Supp. 3d 203 (D. Mass. 2014). The Commissioner asserts that due to the First Circuit's decision in *Gill v. Colvin*, No. 13-1792 (1st Cir. Apr. 9, 2014), issued five days earlier, a "manifest error of law" has occurred with respect to the court's remand. For the following reasons, the court disagrees and will deny the Commissioner's motion.

1.

In pursuing her motion, the Commissioner relies on a Rule 59 standard set out in *Ruiz Rivera v. Pfizer Pharmaceuticals, LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008), which describes certain circumstances in which a motion for reconsideration may be granted, including the one invoked here, a "manifest error of law." Upon closer examination,

however, it appears that the Commissioner might more accurately be seeking reconsideration based on an "intervening change in the controlling law," a category recently cited in both *In re Genzyme Corp. Sec. Litig.*, 754 F.3d 31, 46 (1st Cir. 2014) and *Soto–Padró v. Pub. Bldgs. Auth.,* 675 F.3d 1, 9 (1st Cir.2012)). *See also United Sates v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009).

Whatever the grounds invoked, of course, the court has "considerable discretion" to grant or deny a motion for reconsideration. *Soto–Padró*, 675 F.3d at 9. *Accord United States v. 5 Bell Rock Rd.*, 896 F.2d 605, 611 (1st Cir. 1990) (citing *Appeal of Sun Pipe Line Co.*, 831 F.2d 22, 25 (1st Cir. 1987)). Indeed, the instances when reconsideration is allowed are to be "narrowly configured and seldom invoked." *United States v. Connell*, 6 F.3d 27, 31 (1st Cir. 1993). In short, the granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006).

2.

The court remanded this matter to the Social Security Administration on April 4, 2014, on several grounds, including its analysis of both a Program Operations Manual System ("POMS") directive and the decision in *Allen v. Comm'r of Social Sec.*, 561 F.3d 646 (6th Cir. 2009), both of which were invoked by the Commissioner. *See Chudy*, 10 F. Supp. 3d at 204-205. Five days later, as indicated, the First Circuit issued its decision in *Gill*, which the Commissioner now contends has changed the legal landscape. *Gill*, the Commissioner asserts, addressed the same issue previously addressed in part by this court in its prior order, namely, whether a subsequent award of benefits by itself constitutes new and material evidence that warrants remand under 42

2

U.S.C § 405(g). More specifically, the Commissioner argues, the First Circuit endorsed the analysis set out in *Allen*, which this court had previously declined to adopt.

3.

As an initial matter, the court notes that *Gill* is an unpublished First Circuit opinion and as such, has "no precedential value." First Circuit Local Rule 36 (c). *See, e.g.*, *Fotos v. Internet Commerce Express*, Inc., 154 F. Supp. 2d 212, 215 n.2 (D.N.H. 2001). Thus, it cannot readily be assumed that *Gill* represents an "intervening change in the controlling law" such that reconsideration is mandated. On the other hand, the court is not persuaded, as Plaintiff suggests, that *Gill*'s analysis is mere *dicta* and should be disregarded; the decision is cogent and, were it applicable to the instant facts, it might well be persuasive. In this court's view, however, the circumstances giving rise to the instant matter are markedly different than those in *Gill*, let alone *Allen*, and still call for the remand previously ordered.

As for *Allen*, the claimant *himself* sought remand of the administrative law judge's decision, based on a subsequent decision awarding him disability benefits. *Allen*, 561 F.3d at 647. The facts follow: on September 11, 2006, the administrative law judge denied Allen's application and, in December of that year, the Appeals Council denied his request for review. *Id.* at 648-49. In the interim, Allen again applied for such benefits andon February 25, 2007, received an award letter stating that he was found disabled as of September 12, 2006, the day after the administrative law judge's decision on his prior application. *Id.* at 649. Allen then proffered the subsequent favorable determination to the court and moved for a remand. The district court denied the motion and the Sixth Circuit affirmed, reasoning that the "favorable decision itself, as opposed

3

to the evidence supporting [that] decision, [did] not constitute new and material evidence under § 405(g)." *Id.* at 653. In short, the court held, a subsequent favorable decision standing alone "is not itself new and material evidence" under the sixth sentence of 42 U.S.C. § 405(g). *Id.*[1]

Similarly in *Gill*, the claimant filed new claims after having twice been denied both social security disability insurance benefits ("SSDI") and supplemental security income benefits ("SSI"), denials that were affirmed by an administrative law judge. The new claims were granted and Gill's onset date of disability was specified as June 9, 2011, the day after the administrative law judge's prior adverse decision. On appeal of the adverse decision to federal court, Gill argued that he was entitled to a remand in light of the subsequent award of benefits. *See Gill v. Colvin*, No. 11-462, 2013 WL 1673112 (D.R.I. Apr. 17, 2013). The court denied the motion, which denial was affirmed by the First Circuit. Like the *Allen* court, the First Circuit concluded that, under the

---

[1] The sixth sentence of section 405(g) reads as follows:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g) (sixth sentence).

circumstances, Gill had failed to carry his "burden of proving that evidence [was] new and material to justify entitlement to a sentence six remand," *Gill v. Colvin*, No. 13-1792 (1st Cir. April 9, 2014), at 5 (citing both *Allen* and *Evangelista v. Sec'y of Health and Human Servs.*, 826 F.2d 136, 139-40 (1st Cir. 1987)).[2]  Having only been presented with Gill's subsequent disability determination as grounds for remand, the First Circuit was unable to determine whether the underlying findings related to the time period concerning Gill's first application or whether (or how) they may have differed from an earlier report. *Id.*

4.

At first glance, both the *Allen* and *Gill* decisions appear similar to the situation presently before the court, as the Commissioner maintains.  However, in contrast to the claimants in both *Allen* and *Gill*, Plaintiff himself never raised the issue of a later finding of disability as grounds for reversing the denial of his SSDI application.  Instead, it was the Commissioner herself who revealed to the court that she would be reopening Plaintiff's SSI file (not the subject of the instant appeal), since her approval of Plaintiff's SSI application (as of April 9, 2012) had not taken into account the fact that Plaintiff was supposed to be credited with a much earlier filing date in February of 2009.  The Commissioner explained that, given this protected filing date, Plaintiff's SSI case would

---

[2] In *Evangelista*, the claimant had also sought remand under sentence six of section 405(g) based on recently provided evidence from a new doctor.  The court held that such evidence, as presented, was merely "derivative rather than direct" and that, "to qualify under the new/material standard, the discovered data must be meaningful – neither pleonastic nor irrelevant to the basis for the earlier decision." *Evangelista*, 826 F.2d at 139-40.  Because the new doctor happened to view the claimant's medical records differently and "happened to disagree with the conclusion reached by the ALJ," the court continued, such evidence did not render the existing evidence any less cumulative of what already comprised the record and, thus, was not new to warrant remand. *Id.* at 140.

5

be reopened to determine whether the medical evidence supported an even earlier onset date of disability. In light of the Commissioner's explanation, the court recognized that an earlier onset date, if proven for SSI purposes, could affect Plaintiff's pending SSDI appeal as well. Recall that the February 2009 date (for SSI purposes) was the *same* as his filing date for SSDI, the subject of the case at bar.

Thus, unlike the situations in both *Allen* and *Gill*, the Commissioner herself determined here that the evidence of record, albeit for SSI disability purposes, could be material enough to extend Plaintiff's eligibility retroactively. Indeed, based on the evidence subsequently considered, the Disability Determination Service established a new disability onset date of July 1, 2009. The only reason the Commissioner stopped at July 1, 2009, rather than go back as far as the February 2009 date of application, was her view that the cited POMS directive prevented her from going back any further.

For the reasons previously explained, the court was not persuaded that the POMS directive controlled the retroactive date in the manner suggested by the Commissioner or prevented the court itself from remanding the matter for further consideration. Given that the materiality of the evidence supporting Plaintiff's disability was recognized by the Commissioner herself, the court deemed it inappropriate to place an even greater burden on Plaintiff to provide yet other evidence to support the remand. And unlike both the claimants in *Gill* and *Allen*, Plaintiff's "subsequent" application for SSI benefits had actually been given a protected filing date of February 2009, the *same* date as Plaintiff's SSDI application, rendering the two applications contemporaneous rather than sequential.

To be sure, the Commissioner questions how this "contemporaneous rather than sequential" distinction is material. "The common and salient facts in all of the cases," the Commissioner asserts, "is that in separate determinations, the Commissioner found the plaintiffs not disabled as of one date and disabled on adjacent dates." (Defendant's Memorandum (Doc. No. 33), at 4.) Further, the Commissioner continues, "although the applications [here] are constructively contemporaneous by virtue of administrative necessity, the determinations on these applications, made by different adjudicators at different points in time, were not." (Id.)

As far as the court is concerned, it is not merely serendipitous that Plaintiff's SSDI and SSI applications were deemed to have the same date. So, when the Commissioner herself decided that Plaintiff's SSI application had mistakenly been considered as having a much later date and needed to be reassessed, there was nothing which precluded her from determining whether Plaintiff's disability existed as the earlier application date, the POMS directive notwithstanding. The result achieved, namely finding Plaintiff disabled one day *after* his insured status for SSDI expired, is, simply put, artificial. The contemporaneous nature of Plaintiff's SSDI and SSI applications does matter and, for that reason, among others addressed in the court's April 4, 2014 Memorandum and Order, this case is distinguishable from *Allen* and, in turn, *Gill*.

## ORDER

For the foregoing reasons, the court concludes that its April 4, 2014 order to remand was not a manifest error of law and, further, that *Gill* does not represent an

intervening change in the controlling law.  Accordingly, the court DENIES Defendant's Motion for Reconsideration Under Rule 59(e).

IT IS SO ORDERED.

DATED: December 23, 2014

/s/   Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge